UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                          :
TREVOR CAWLEY,                                            :
                                                          :      CASE NO. 1:14-CV-00310
            Plaintiff,                                    :
                                                          :
vs.                                                       :      ORDER
                                                          :      [Resolving Doc. Nos. 20, 25]
EASTMAN OUTDOORS, INC.,                                   :
ET AL.,                                                   :
                                                          :
            Defendants.                                   :
                                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action regarding Plaintiff's injury from an allegedly defective arrow distributed by Defendant, Defendant has moved to file under seal Exhibit A to its Motion for Summary Judgment.[1] The public's "right to inspect and copy judicial documents and files" requires that "documents filed in the court generally must be made available to the public."[2] Absent a particularized showing that disclosure of the information would result in some sort of serious competitive or financial harm, the Court will not cloak its proceedings in secrecy.[3]

Defendant here has made no such particularized showing. Defendant describes Exhibit A as "document[ing] testing of arrows consistent with the arrow at issue in this case," and offers conclusory statements that these tests and their results are "proprietary" and thus "subject to

---

[1] Doc. 25; *see also* Doc. 23 (motion for summary judgment).
[2] *Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 790-91 (6th Cir. 2010).
[3] *See Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001).

-1-

Case Nos. 1:14-CV-00310
Gwin, J.

protection from public dissemination."[4] But Defendant provides no concrete explanation as to how it would be harmed by publicly sharing information that would purportedly show the arrow in question "passed each of the manufacturer's tests" and was "safe for its intended use."[5] Thus, the Defendant has failed to carry its burden

Accordingly, the motion to file under seal is **DENIED**. Defendant may either file its documents in open court or withdraw them.

For similar reasons, the Court **DENIES** the parties' stipulated protective order.[6] A successful protective order motion must show specifically that disclosure of particular information would cause serious harm.[7] Again, the movants fail to meet this standard. The parties do not explain why they need a protective order. Instead, they merely present a proposed order with no accompanying explanation.[8] Moreover, the proposed confidentiality agreement is exceedingly broad and unspecific. The movants ask for blanket authority to designate documents as confidential that they mark as "CONFIDENTIAL."[9] The public would then have no access to these documents.[10]

The parties are, of course, free to privately contract to limit disclosure of documents and information. And any party or non-party may move to seal individual documents provided that they

---

[4] Doc. 25.
[5] Doc. 23-1 at *2.
[6] Doc. 20.
[7] *See, e.g.*, *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983).
[8] *See* Doc. 20.
[9] *See id.* at 1-2.
[10] *See id.* at 2-4.

-2-

Case Nos. 1:14-CV-00310
Gwin, J.

make the requisite particularized showing.

       IT IS SO ORDERED.


Dated: August 20, 2014                  s/ *James S. Gwin*
                                                               JAMES S. GWIN
                                                               UNITED STATES DISTRICT JUDGE