UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
TREVOR CAWLEY,                            :
                                          :    CASE NO. 1:14-CV-00310
          Plaintiff,                      :
                                          :
vs.                                       :    OPINION & ORDER
                                          :    [Resolving Docs. 31, 34, 36]
EASTMAN OUTDOORS, INC.,                   :
ET AL.,                                   :
                                          :
          Defendants.                     :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action regarding Plaintiff's injury from an allegedly defective arrow distributed by Defendant, Defendant moves to quash a subpoena issued by Plaintiff to non-party Plante & Moran, Defendant's auditor and accountant.[1/]  In the alternative, Defendant moves for a protective order. Plaintiff opposes Defendant's motion.[2/]  Plaintiff also seeks a Court order compelling Plante & Moran to produce the requested documents.[3/]

For the following reasons, the Court **DENIES** the motion to quash and **ORDERS** Defendant to arrange for the production of the requested documents.  The Court **GRANTS IN PART** the motion for a protective order, and **ORDERS** Plaintiff not to disclose the financial information he receives to anyone other than his counsel and expert witnesses.

---

[1/] Doc. 31.
[2/] Doc. 34.
[3/] Doc. 36.

Case No. 1:14-CV-00310
Gwin, J.

## I. Background

On October 8, 2012, Plaintiff Trevor Cawley was injured while practicing archery.[4/] Plaintiff was using Wolverine 6070 carbon arrows distributed by Defendant Eastman Outdoors, Inc., that he had bought in 2010.[5/] One of these arrows broke upon release and pierced Plaintiff's left hand.[6/]

On December 27, 2013, Plaintiff sued Defendant in Ohio state court for product liability, breach of warranty, strict liability, negligence, and gross negligence.[7/] As part of his claims for product liability and gross negligence, Plaintiff seeks punitive damages.[8/] On February 13, 2014, Defendant removed the case to this Court on diversity jurisdiction.[9/]

Following a case management conference on April 28, 2014, the Court issued a scheduling order.[10/] At issue here, the Court ordered discovery for dispositive motions to be completed by August 11, 2014, and gave a final discovery cutoff of November 10, 2014.

In seeking discovery on his claims relating to punitive damages, on July 28, 2014, Plaintiff requested Defendant produce certain financial records and tax returns from 2010 through 2013.[11/] On August 15, 2014, Defendant objected to this request.[12/] Defendant based its objection on its belief that Plaintiff had not put forth any evidence supporting a claim for punitive damages: when Defendant had requested that Plaintiff disclose the documents it relied on in support of its claim for

---

[4/] Doc. 29-1.
[5/] *Id.*; Doc. 23-1.
[6/] Doc. 29-1.
[7/] Doc. 1-1.
[8/] Doc. 18 at 6, 8.
[9/] Doc. 1.
[10/] Doc. 16.
[11/] *See* Doc. 31-3.
[12/] Doc. 31 at 3.

Case No. 1:14-CV-00310
Gwin, J.

punitive damages, Plaintiff had responded that they were "[i]n possession of Defendant."[13/] In the absence of such evidence, Defendant suggests that it was not obligated to comply with Plaintiff's request.

Following Defendant's objection, on August 22, 2014, Plaintiff issued a subpoena to Plante & Moran PLLC, Defendant's auditor and accountant.[14/] With this subpoena, Plaintiff requested that Plante & Moran produce all of Defendant's federal tax returns and audited financial statements from 2008 through 2013.[15/] Plaintiff arranged with Plante & Moran's general counsel to produce the documents twenty-one days later, on September 12, 2014, in electronic format to Plaintiff's counsel via email.[16/]

Defendant moved to quash the subpoena on September 4, 2014,[17/] and Plaintiff opposed on September 10, 2014[18/]. On September 11, 2014, Plaintiff filed a supplemental brief advising the Court that Plante & Moran no longer plans to comply with the subpoena and now asserts that the documents are privileged.[19/]

## II. Legal Standards

Parties may obtain discovery regarding any matter, not privileged, that is relevant to any claim or defense involved in the pending action.[20/] Under Rule 26 of the Federal Rules of Civil Procedure, "[r]elevant information need not be admissible at the trial if the discovery appears

---

[13/]*Id.*
[14/]Doc. 27-1.
[15/]*Id.*
[16/]Doc. 34 at 3.
[17/]Doc. 31.
[18/]Doc. 34.
[19/]Doc. 36.
[20/]Fed. R. Civ. P. 26(b)(1).

Case No. 1:14-CV-00310
Gwin, J.

reasonably calculated to lead to the discovery of admissible evidence."[21] Rule 26 is to be liberally construed to permit broad discovery.[22]

The scope of a subpoena issued under Rule 45 of the Federal Rules of Civil Procedure is also "subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."[23] A court must quash a subpoena that, *inter alia*, requires disclosure of privileged or other protected matter or subjects a person to undue burden.[24] A court may quash a subpoena that requires a person subject to or affected by the subpoena to "disclos[e] a trade secret or other confidential research, development, or commercial information."[25]

"The movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure."[26] "In evaluating a motion to quash, the court may consider 'whether (i) the subpoena was issued primarily for purposes of harassment, (ii) there are other viable means to obtain the same evidence, and (iii) the information sought is relevant, nonprivileged, and crucial to the moving party's case.'"[27] "The party issuing the subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena . . . ."[28] "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be

---

[21] *Id.*

[22] *See United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 657 (6th Cir. 1976).

[23] *Laethem Equip. Co. v. Deere and Co.*, No. 05-CV-10113, 2007 WL 2873981, at *4 (E.D. Mich. Sept. 24, 2007) (internal quotation omitted).

[24] Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv). The subpoena must also be quashed if it fails to allow a reasonable time to comply or requires producing the documents more than 100 miles from where the subpoenaed party resides, *id.* at (d)(3)(A)(i)-(ii), but those provisions are not at issue here, as Plaintiff has made arrangements to comply with both.

[25] *Id.* at (d)(3)(B)(i).

[26] *Recycled Paper Greetings, Inc. v. Davis.*, No. 1:08-MC-13, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).

[27] *Id.* (quoting *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003)).

[28] *Griffiths v. Ohio Farmers Ins. Co.*, No. 1:09-CV-1011, 2010 WL 2730657, at *1 (N.D. Ohio July 2, 2010).

-4-

Case No. 1:14-CV-00310
Gwin, J.

enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing."[29]

### III. Motion to Quash Subpoena

The subpoena was issued to Plante & Moran, Defendant's auditor and accountant, seeking financial information about Defendant. But Plante & Moran is not seeking to quash the subpoena Defendant is.[30] "Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."[31] Courts have held that a corporation has a personal right in financial records such as bank statements sufficient to establish standing.[32] The tax returns and audited financial statements sought here are in the same vein. The Court thus finds that Defendant has standing to object to the subpoena.

Defendant says that Plaintiff's subpoena is untimely, as Plaintiff should have sought these financial records no later than August 11, 2014, the cutoff date for dispositive motion discovery. These financial statements will presumably aid Plaintiff in supporting his claim for punitive damages. Defendant says, however, that Plaintiff has not set forth any evidence sufficient to survive the now-pending motion for summary judgment,[33] and therefore is not entitled to discovery that solely goes to this part of Plaintiff's claim.

---

[29]/*Davis*, 2008 WL 440458, at *3 (internal quotations and citations omitted).

[30]/Although Plante & Moran has not moved the Court to quash the subpoena, Plaintiff has advised the Court that Plante & Moran refuses to produce the documents without a Court order. *See* Docs. 36-1; 36-2.

[31]/9A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2459 (3d ed. 2013); *Johnson v. Guards Mark Sec.*, No. 4:04-CV-2447, 2007 WL 1023309, at *1 (N.D. Ohio Mar. 31, 2007).

[32]/*E.g.*, *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003); *accord Waite, Schneider, Bayless & Chesley Co. v. Davis*, No. 1:11-CV-0851. 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013).

[33]/*See* Doc. 23-1 at 16.

Case No. 1:14-CV-00310
Gwin, J.

Along similar lines, Defendant also says that because it believes that Plaintiff's claim for punitive damages will fail, this subpoena is unlikely to lead to the discovery of any relevant evidence and should therefore be quashed.

Defendant's arguments are misguided. Until and unless this Court decides that Plaintiff's claim for punitive damages loses, it is still a live controversy. If Defendant believes that Plaintiff's lack of documentary evidence dooms Plaintiff's claim for punitive damages, it can argue as much.[34] But Defendant cannot halt discovery in this case just because it thinks it has the upper hand.

Furthermore, Defendant discounts the information that Plaintiff learned during the deposition of David Vergara, Defendant's corporate representative.[35] Plaintiff believes that Vergara's statements regarding Defendant's lack of quality control supports Plaintiff's claim for punitive damages. The existence of this testimony suggests Plaintiff's request for financial documents is more than just a fishing expedition, and is a sincere effort to prove his case. Moreover, Defendant cannot both complain that Plaintiff lacks documentary evidence and prevent him from obtaining such documents.

Defendant misinterprets this Court's summary judgment discovery deadline. That deadline intended to convey that this Court would hesitate to extend the summary judgement response date under Rule 56(f) of the Federal Rules of Civil Procedure. It did not intend to foreclose any discovery until the final discovery cut-off.

Plaintiff is entitled to continue gathering evidence that will support his case at trial, as is Defendant. This subpoena was issued and has a return date well within this case's final discovery

---

[34] And, in fact, Defendant has said just this in its motion for summary judgment. *See* Doc. 23-1 at 16.
[35] *See* Doc. 34 at 5 (citing Doc. 28-9).

-6-

Case No. 1:14-CV-00310
Gwin, J.

deadline of November 10, 2014.[36/] The Court therefore finds that the subpoena was timely issued.

Demonstrating Defendant's profitability and financial condition is necessary to making the case for punitive damages.[37/] The Court thus finds that the documents requested through the subpoena are relevant.[38/] Furthermore, the Court **DENIES** Defendant's request in the alternative to limit the production of documents to only financial records from 2013, as the prior years' records would be relevant to establishing profitability from the alleged grossly negligent acts.

In its brief, Defendant also alluded to the "undue burden" that this production would impose on Plante & Moran.[39/] But Defendant offers no supporting evidence that producing five years's worth of tax returns and financial statements would be particularly onerous. And notably, although Plante & Moran has refused to comply with the subpoena on grounds of confidentiality and privilege,[40/] it has not suggested that making the requested production would be otherwise difficult. Further, Plaintiff has taken steps to ensure that Plante & Moran has adequate time to produce the documents, and has allowed it to do so in electronic format sent via email.[41/] The Court thus finds that the subpoena is not unduly burdensome.

### IV. Confidentiality and Motion for a Protective Order

Plante & Moran has refused to comply with the subpoena based on its belief that the

---

[36/] Furthermore, Defendant glosses over the fact that it did not object to Plaintiff's request for production of documents until August 15, 2014, four days after the August 11, 2014, deadline it relies on. *See* Doc. 31 at 3. Plaintiff could not have known that this subpoena would be necessary until then. Defendant's protests about the subpoena being untimely ring hollow given that Defendant was at least partially responsible for the delay. Thus, even if the subpoena were issued after the deadline, the Court would find good cause for it.
[37/] *See* Ohio Rev. Code § 2307.80(B).
[38/] *See Pettrey v. Enter. Title Agency, Inc.*, 470 F. Supp. 2d 790, 794 (N.D. Ohio 2006).
[39/] Doc. 31 at 8.
[40/] Doc. 36-1; *see infra* Section IV.
[41/] Doc. 34 at 3.

Case No. 1:14-CV-00310
Gwin, J.

documents requested are confidential and privileged under Michigan and federal law.[42] Defendant has not objected on these grounds. But Defendant has stated these records, "contain proprietary information related to [its] business and could result in irreparable harm if this information is produced."[43]

Defendant could not assert privilege over these tax returns and financial records if it were to produce them directly.[44] The laws cited by Plante & Moran only prevent certified public accountants[45] and tax preparers[46] from disclosing their clients' information; they do not make the information itself privileged. Thus, the privilege and confidentiality issues here only arise because Plaintiff has sought production from Plante & Moran rather than from Defendant.

But Plaintiff only issued this subpoena to Plante & Moran after Defendant refused to provide these financial records in response to Plaintiff's request for production.[47] Defendant cannot simultaneously stonewall a timely request for production of relevant documents and rely on its accountant to assert privilege. And the Court declines to wade in to the treacherous waters of compelling the production of arguably privileged documents from Plante & Moran when there is an easier solution.

Defendant caused this mess. Defendant can clean it up. The Court **ORDERS** Defendant to either produce the subpoenaed documents itself or give Plante & Moran authority to do so on its

---

[42] Doc. 36-1.
[43] Doc. 31 at 2.
[44] See *DeMarco v. C&L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989).
[45] Mich. Comp. Laws §339.732.
[46] 26 C.F.R. § 301.7216-1.
[47] See Doc. 31 at 3 (citing Doc. 31-3).

Case No. 1:14-CV-00310
Gwin, J.

behalf.[48]

At the same time, the Court recognizes Defendant's concerns about turning over its confidential financial information. Therefore, the Court **GRANTS IN PART** the motion for a protective order and **ORDERS** Plaintiff to limit disclosure of these documents to his counsel (and any co-counsel) and expert witnesses (if any).[49]

### V. Conclusion

For the foregoing reasons, the Court **DENIES** the motion to quash and **ORDERS** Defendant to produce the requested documents, subject to a protective order that Plaintiff not disclose the financial information he receives to anyone other than his counsel and expert witnesses.

IT IS SO ORDERED.


Dated: September 16, 2014            s/  *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE

---

[48] *See* Fed. R. Civ. P. 45(d)(3)(B)(i) (permitting modification of a subpoena to avoid disclosing confidential commercial information).

[49] *See* Fed. R. Civ. P. 26(c)(1)(G).